UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DEBORAH CHAMBERLAIN-LOVING,**

       Plaintiff,

v.

**RENAL TREATMENT CENTERS-MID-ATLANTIC, INC., d/b/a DAVITA,**

       Defendant.

Civil No. 2:25cv24

## OPINION AND ORDER

This matter is before the Court on a motion to dismiss filed by Renal Treatment Centers-Mid Atlantic, Inc., d/b/a DaVita ("Defendant"). ECF No. 12. Because the facts and legal questions are adequately presented in the motions and subsequent briefs, and oral argument would not aid in the decisional process, the Court finds that a hearing is unnecessary. For the reasons set forth below, the Court **DENIES** Defendant's motion to dismiss.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On September 7, 2023, Defendant hired 70-year-old Deborah Chamberlain-Loving ("Plaintiff") as a registered nurse ("RN"), assigning her to Defendant's DaVita Leigh Dialysis Center ("Davita Facility"). Am. Compl. ¶¶ 8-10, ECF No. 11. Since Plaintiff first joined the company, the manager of the DaVita Facility, Gregory

---

[1] The facts reported below are taken from the amended complaint and do not represent "findings" by the Court for the purposes of the case.

Payne — who was not involved in Plaintiff's hiring — treated Plaintiff differently from the rest of her younger co-workers. Id. ¶¶ 11-12. For example, while younger co-workers were timely assigned an instructor through a mandatory training program, Plaintiff received her instructor four months late despite being enrolled in the same program. Id. ¶ 12. Moreover, when Plaintiff complained to Mr. Payne regarding derogatory age-related comments that younger co-workers often made to her, Mr. Payne did not address these remarks; instead, he tended to agree with Plaintiff's co-workers. Id. ¶ 13.

During her time at the DaVita Facility, Plaintiff continued to experience disparate treatment compared to the rest of the RNs. Specifically, there were two similarly-situated RNs — Nicole Green and Brittany Hayes — that answered to the same supervisor and were supposedly subject to the same expectations as Plaintiff, but were treated more favorably than her. Id. ¶¶ 14, 19. Ms. Green and Ms. Hayes, who "appeared to be in their 20s or 30s," enjoyed, among other benefits, a more desirable work schedule and more leniency regarding "finishing scheduled tasks, such as documentation of patient encounters." Id. ¶ 14.

In March and April of 2024, Plaintiff contacted Defendant's regional director and a human resource representative and reported: (1) the disparate treatment she was experiencing because of her age; and (2) that dialysis technicians were illegally

2

deviating from prescribed treatment parameters without authorization from a doctor or RN. Id. ¶ 15. Plaintiff did not receive any response to her report, id., and when she followed up with Defendant's Human Resources department she was informed that the HR representative she had communicated with had been fired, id. ¶ 18.

On June 20, 2024, Mr. Payne fired Plaintiff and replaced her with a younger nurse, who appeared to be in her 20s or 30s. Id. ¶ 19. Mr. Payne told Plaintiff that she was terminated because she had twice turned in late patient documentation. Id. However, in at least one of those instances — in March of 2024 — Plaintiff was late because she was helping Nicole Green, one of the younger similarly-situated RNs, complete her own documentation, which Ms. Green also submitted late without receiving any discipline or write-up. Id. ¶¶ 19, 21. In fact, neither Ms. Green nor Ms. Hayes suffered any adverse employment action despite "often" failing to turn in similar documents on time. Id. ¶ 19.

On August 9, 2024, Plaintiff filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") listing "Age" as the basis for the alleged discrimination. ECF No. 11-1. In her Charge, Plaintiff alleged that although Defendant purportedly fired her because she was late with documentation, Ms. Green and Ms. Hayes, two similarly situated younger RNs, were not discharged despite often turning their

3

documentation late. Id. Plaintiff received a Right to Sue letter from the EEOC on October 15, 2024, ECF No. 11-2, and she timely filed the instant suit on January 13, 2025, ECF No. 1.

On March 4, 2025, Defendant moved to dismiss Plaintiff's Complaint, ECF No. 9, and two weeks later Plaintiff filed an amended complaint, ECF No. 11.[2] Thereafter, on April 1, 2025, Defendant moved to dismiss Plaintiff's amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 12. Plaintiff filed an opposition brief, ECF No. 14, and Defendant filed a reply, ECF No. 16.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a cause of action based on the plaintiff's failure to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Rule 12(b)(6) pleading standard must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355

---

[2] An amended complaint supersedes a prior complaint and renders it of no legal effect. See Young v. City of Mt. Rainier, 238 F.3d 567, 572 (4th Cir. 2001). Therefore, Defendant's motion to dismiss the original complaint, ECF No. 9, is **DENIED** as moot.

4

U.S. 41, 47 (1957)). Fair notice is provided by setting forth enough facts to "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a defendant is liable. Id. (quoting Twombly, 550 U.S. at 556). Because a motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). Although the truth of the facts alleged is presumed, district courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

5

## III. DISCUSSION

Defendant is moving to dismiss both Count 1 — Wrongful Termination Under the Age Discrimination in Employment Act ("ADEA") — and Count 2 — Violation of Virginia's Anti-Retaliation Statute — of Plaintiff's amended complaint. Defendant argues that this Court should dismiss Plaintiff's amended complaint because Plaintiff has failed to: (1) exhaust her administrative remedies under the ADEA; (2) state an age discrimination claim under the ADEA; and (3) state a retaliatory discharge claim under Virginia law. The Court addresses each argument in turn.

### A. Exhaustion of Administrative Remedies Under the ADEA

Defendant first avers that Plaintiff failed to exhaust her administrative remedies because her amended complaint adds new allegations that she suffered disparate treatment during her employment whereas Plaintiff's Charge only alleges <u>wrongful discharge</u>. ECF No. 13, at 6-8. Accordingly, Defendant asks the Court to dismiss any claim under the ADEA — other than Plaintiff's wrongful discharge claim — and to not rely on her new allegations of disparate treatment. <u>Id.</u> at 8.

Before filing an employment discrimination action under the ADEA, "a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." <u>Walton v. Harker</u>, 33 F.4th 165, 172 (4th Cir. 2022). While the exhaustion requirement "is not jurisdictional," <u>Fort Bend Cty. v. Davis</u>, 587 U.S. 541, 543 (2019),

6

the Charge is essential to the enforcement of the ADEA because its contents define "[t]he scope of the plaintiff's right to file a federal lawsuit." Jones v. Calvert Grp., Ltd., 551 F.3d 297 (4th Cir. 2009), overruled on other grounds by Fort Bend Cty. v. Davis, 587 U.S. 541, 547 (2019). The purpose of the exhaustion requirement is to "put [the employer] on notice of the alleged violations so that the matter can be resolved out of court if possible." Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005).³ Accordingly, to provide adequate notice to an employer, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [ADEA] lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

Here, Plaintiff's Charge alleged that she was discharged "because of her age," explaining that although Defendant purportedly fired her because she turned in patient documentation late, the company did not terminate two younger RNs that often turned in similar documentation late. ECF No. 11-1. Although

---

³ Although Miles discusses the exhaustion requirements for Title VII claims, the ADEA "requires exhaustion of nearly identical administrative remedies" and the Fourth Circuit routinely interprets their provisions uniformly. Miles v. Goldschmidt Chemical Corp., No. 3:07cv44, 2007 U.S. Dist. LEXIS 75063, at *7 (E.D. Va. Oct. 9, 2007) (citing EEOC v. Commercial Office Products, Co., 486 U.S. 107, 123 (1988)); see also Puryear v. Cty. of Roanoke, 214 F.3d 514, 517 n.1 (4th Cir. 2000) ("For simplicity, our analysis is based on Title VII's provisions. However, the analysis is equally applicable to ADEA charges.").

Plaintiff's Charge asserts that younger RNs were not fired based on late documentation, it does not mention any "disparate treatment" during her employment. Id. In contrast, Plaintiff's amended complaint similarly alleges that she was wrongfully discharged under the ADEA and includes new allegations that other younger RNs enjoyed better training, work schedules, and leniency when finishing scheduled tasks. Am. Compl. ¶¶ 12, 14.

Defendant argues that Plaintiff's amended complaint raises two separate theories of discrimination: (1) a wrongful discharge claim; and (2) a disparate treatment claim. ECF No. 13, at 6-8. Thus, Defendant asserts that the Court should dismiss "any claim under the ADEA other than wrongful discharge" for failure to exhaust administrative remedies. Id. at 8. Plaintiff readily concedes that she is not seeking a disparate treatment claim based on disparate working conditions. ECF No. 14, at 3. Instead, she explains that the new references to differing working conditions in her amended complaint are part of her wrongful termination claim, as they bolster her position that Defendant had an age-related bias against her and that she was ultimately discharged because of her age. Id. at 3-4.

Defendant is correct that Plaintiff has failed to exhaust her administrative remedies regarding any stand-alone "disparate treatment claim." However, the Court agrees with Plaintiff that because the amended complaint only raises a <u>wrongful discharge</u>

8

claim, Plaintiff exhausted her administrative remedies. Even though Plaintiff's amended complaint references the "terms and conditions" of her employment in her discrimination claim, the new examples she provides, including the fact that younger RNs had more training opportunities and leniency, directly support the inference that leading up to her discharge Defendant had an age-related bias against Plaintiff. Am. Compl. ¶¶ 12-14. Said differently, these new allegations strengthen the claims in Plaintiff's Charge that the reason for her termination — namely, that she submitted patient documentation late twice — was a pretext for terminating her because of her age. Accordingly, because the new details provided in Plaintiff's amended complaint are "reasonably related" to her claim that she was <u>discharged</u> because of her age, <u>Miles</u>, 429 F.3d at 491, Plaintiff has properly exhausted her administrative remedies for her <u>wrongful discharge</u> claim.[4]

### B. Failure to State an Age Discrimination Claim Under the ADEA

Separate from the exhaustion challenge, Defendant argues that the Court should dismiss Count 1 of Plaintiff's amended complaint

---

[4] Defendant also argues that Plaintiff failed to exhaust her administrative remedies regarding disparate treatment incidents because she fails to identify whether they occurred within 300 days from the date she filed her Charge — August 9, 2024. ECF No. 13, at 7-8. However, as discussed above, because the only discriminatory incident for which Plaintiff is suing Defendant is for her wrongful discharge that occurred on June 20, 2024, her Charge was timely filed on August 9, 2024.

9

because she fails to plausibly allege a wrongful discharge claim. The ADEA prohibits an employer from discharging a person or "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009). Generally, a plaintiff may prove an ADEA claim for age discrimination through either: (1) direct evidence of discrimination; or (2) circumstantial evidence "through the [McDonnell Douglas] burden-shifting framework." Tickles v. Johnson, 805 F. App'x 204, 207 (4th Cir. 2020) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)); see also Mereish v. Walker, 359 F.3d 330, 333-35 (4th Cir. 2004) (applying the McDonnell Douglas framework to an ADEA claim).

As to this second avenue of proof, the Supreme Court has explained that because the McDonnell Douglas framework "is an evidentiary standard, not a pleading requirement," this framework does not apply at the motion to dismiss stage. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11 (2002). Applying Swierkiewicz, the Fourth Circuit has held that a district court erred when dismissing a plaintiff's Title VII claim because she had failed to plead either: (1) direct evidence of discrimination; or (2) enough "facts establishing a prima facie case of discrimination" under the McDonnell Douglas framework. McCleary-Evans v. Md. Dep't of

10

Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015). The McCleary-Evans's court clarified that because a complaint is only "required to allege facts to satisfy the elements of a cause of action created by" the controlling statute, at the pleading stage the plaintiff only needed to plausibly allege that her employer "'failed or refused to hire [the plaintiff] because of her race or sex.'"[5] Id. (quoting 42 U.S.C. § 2000e-2(a)(1)).

Here, the elements of an ADEA employment discrimination claim under Title 29 U.S.C. § 623(a)(1) are that the plaintiff: (1) is 40 years of age or older; (2) experienced discrimination by an employer; (3) experienced discrimination because of her age. Tickles, 805 F. App'x at 207 (citing Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006)). Because it is undisputed that Plaintiff is over 40, the dispositive question is whether Plaintiff's amended complaint alleges sufficient facts to raise a plausible inference that Defendant terminated Plaintiff because of her age. This issue is determined without reliance on the McDonnell Douglas elements.

Plaintiff's amended complaint states that Plaintiff experienced age-related hostility at the DaVita facility, where

---

[5] Although the Fourth Circuit recently suggested that a plaintiff without direct evidence of discrimination must plausibly plead a prima facie case under the McDonnell Douglas framework, Alberti v. Rector and Visitors of the Univ. of Va., 65 F.4th 151, 156 n.5 (4th Cir. 2023), the brief analysis on this point may have been dicta and was contained entirely in a footnote. This Court therefore applies the pleading standard articulated in detail in McCleary-Evans, a case decided prior to Alberti.

her co-workers often made disparaging comments associated with her age and the manager of the facility agreed with these comments and allowed them. Am. Compl. ¶ 13. Further, Plaintiff alleged that the manager treated her less favorably than younger RNs, who enjoyed better training, work schedules, and leniency when finishing scheduled tasks. Id. ¶¶ 12, 14. Thereafter, Defendant fired Plaintiff — and replaced her with a substantially younger RN — for the stated reason that Plaintiff did not submit two patient documents on time, even though: (1) younger RNs often turned in the same documentation late without repercussions; and (2) Plaintiff had not received any non-pretextual negative feedback throughout her employment. Id. ¶ 19.

Drawing all reasonable inferences in favor of Plaintiff, as the Court must at the Rule 12(b)(6) stage, the Court finds that Plaintiff has plausibly alleged that Defendant wrongfully discharged Plaintiff because of her age. Therefore, the Court **DENIES** Defendant's motion to dismiss Count 1 of Plaintiff's amended complaint.[6]

---

[6] Defendant argues that Plaintiff's amended complaint also fails to establish that the purported reason for firing her — that she twice submitted patient documentation late — was a pretext for terminating her because of her age. ECF No. 13, at 10-12. However, pretext, as argued by Defendant, is part of the McDonnell Douglas test that does not apply at the 12(b)(6) stage. McCleary-Evans, 780 F.3d at 585; see also Credle v. Virginia Cmty. Coll. Sys., No. 3:24cv233, 2025 WL 27827, at *4 (E.D. Va. Jan. 3, 2025) ("[I]n the employment discrimination context, Plaintiff does not need to plead facts demonstrating that a non discriminatory reason for terminating her employment was pretextual, as that determination is to be made at the summary judgment stage."). Therefore, the Court summarily rejects this argument.

## C. Retaliatory Discharge Claim Under Virginia Law

In addition to moving to dismiss the ADEA wrongful discharge claim, Defendant moves to dismiss Plaintiff's retaliatory discharge claim advanced under Virginia Law. The Virginia Code prohibits the discharge of an employee that "in good faith reports a violation of any federal or state law or regulation to a supervisor." Va. Code § 40.1-27.3. The elements of a retaliatory discharge claim under Virginia law are that an employee: (1) made a good faith report of a federal or state violation to a supervisor, (2) was discharged by her employer, and (3) the report was the "but for" cause of their discharge. Moore v. Copper River Shared Services, LLC, No. CL-2023-9565, 2024 Va. Cir. LEXIS 10, at *59 (Fairfax Cnty. Cir. Ct. Jan. 30, 2024).

Defendant only challenges the first element of Plaintiff's retaliation claim, arguing that Plaintiff failed to allege that she reported a violation of federal or state law in good faith. ECF No. 13, at 19-21. To make a good faith report in a Virginia retaliatory discharge claim, a plaintiff "is not required to show that the underlying report of unlawfulness was in fact meritorious." Wood v. Bristol Va. Util. Auth., 661 F. Supp. 3d 538, 550 (W.D. Va. 2023) (citing Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 355 n.1 (4th Cir. 1985)). Instead, a plaintiff must only allege that they "subjectively and reasonably believed that [their] employer was engaged in unlawful [conduct]." Id.

13

(citing Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1312 (11th Cir. 2002)).

Defendant first argues that Plaintiff fails to allege a specific incident where a co-worker violated the law. In support of the contention that the pleading rules require identification of a specific incident, Defendant mainly relies on Workman v. LHC Grp., Inc., No. 1:23cv48, 2024 U.S. Dist. LEXIS 133396 (W.D. Va. July 29, 2024). This case, however, does not stand for the proposition suggested by Defendant. In Workman, the plaintiff filed a retaliatory discharge claim alleging that he was fired because he reported that a co-worker's wife made sexual comments to a potential client, which he believed violated hostile work environment laws and company policy. Id. at 2-3; ECF No. 13, at 20-22. The district court explained that the plaintiff's allegations were "insufficiently specific" to find that the plaintiff reported a violation of the law in good faith because, among other reasons, the Plaintiff failed to allege how he could reasonably believe that a singular conversation, between two non-employees at a company picnic, could violate federal employment law. Importantly, the court did not hold that a plaintiff's complaint must plead with particularity the unlawful conduct reported. Because Defendant fails to demonstrate that pleading a specific incident of unlawful conduct is a prerequisite to alleging a plausible claim of retaliatory discharge, the Court

considers whether Plaintiff has pled enough facts to clear the plausibility threshold. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

Plaintiff's amended complaint states that Plaintiff reported to her employer that "non-RN dialysis techs [were] regularly, improperly <u>and illegally</u> performing duties" outside of their scope of responsibilities. Am. Compl. ¶¶ 15-16 (emphasis added). Although individual incidents are not mentioned, Plaintiff alleges that the techs were unilaterally changing and deviating from <u>prescribed</u> patient care parameters <u>without direct orders</u> from physicians or RNs. Id. Such conduct falls outside of the statutory duties of a "dialysis technician," which the Virginia Code defines as "a person who has obtained certification . . . to provide . . . direct care to patients . . . [including] the administration of [supportive medical treatments] <u>in accordance with the order</u> of a licensed physician [or] an advanced practice registered nurse." Va. Code § 54.1-2729.2 (emphasis added). Accordingly, drawing all reasonable inferences in favor of Plaintiff, as the Court must at this stage, Plaintiff's amended complaint plausibly alleges that Plaintiff: (1) subjectively believed that the technicians' acts — committed by employees within the workplace — violated the law because she reported that the technicians were "<u>illegally</u> performing duties";

15

and (2) reasonably believed that the technician's actions — which fell outside of their statutory duties — violated Virginia law.

Second, similar to Defendant's argument that Plaintiff was required to articulate a specific incident where a co-worker violated the law, Defendant also contends that Plaintiff's retaliation claim should be dismissed because Plaintiff failed to specify what she told her supervisor and HR representative when she reported the technicians' unlawful conduct. ECF No. 13, at 21. Defendant points out that Plaintiff's allegations are unclear about whether: (1) she explicitly reported that the dialysis technician's conduct violated Va. Code § 54.1-2729.2; or (2) whether she described the conduct without explicitly citing the statute. Id. However, again, Defendant does not cite to any binding or persuasive authority suggesting that: (1) Plaintiff's amended complaint must articulate the specific words she used when reporting the unlawful conduct; or (2) Plaintiff was <u>required</u> to report the specific statute that she believed was being violated.[7] Thus, the Court rejects Defendant's unsupported argument that

---

[7] The Court notes that Defendant cites a previous decision from this Court for the proposition that Plaintiff was required to plead the specific statements that she made when making the report. ECF No. 13, at 21; <u>Bourne v. Tex. Roadhouse Spotsylvania Location</u>, No. 3:24cv218, 2025 U.S. Dist. LEXIS 30998 (E.D. Va. Feb. 20, 2025). However, in <u>Bourne</u> this Court did <u>not</u> hold that a plaintiff must plead the specific statements that they used when reporting a violation of Title VII to their superiors. Instead, the Court dismissed the complaint because the plaintiff "failed to specify the nature of any protected activity, other than that she reported generalized 'discrimination.'" <u>Id.</u> at 10.

Plaintiff's complaint must allege the specific statements that Plaintiff made when making her report. Cf. Workman v. LHC Grp., Inc., 1:23cv48, 2025 U.S. Dist. LEXIS 25426, at *17 (W.D. Va. Feb. 12, 2025) (explaining in response to a second motion to dismiss that the problem with plaintiff's allegations in his original complaint was not the fact that "he failed to cite Title VII by name").

Accordingly, accepting Plaintiff's allegations as true and drawing all reasonable inferences in her favor, the Court finds that Plaintiff has plausibly stated a cause of action for retaliatory discharge. Therefore, the Court **DENIES** Defendant's motion to dismiss Count 2 of the Plaintiff's amended complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to dismiss. ECF No. 12.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 6, 2025